IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | CV 15-00040-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 7, 2015, Plaintiff Michael Dunsmore, a state prisoner, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint for Violation of Due Process and Structural Error/Defect Causing Actual Innocence (Doc. 2). On May 20, 2015, he filed a Motion for Change of Venue (Doc. 5) and a Motion to Recuse (Doc. 6). The Motions for Change of Venue and to Recuse will be denied. Mr. Dunsmore is subject to the three strikes provision of 28 U.S.C. § 1915(g), and therefore, the Motion to Proceed in Forma Pauperis should be denied.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has,

on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Dunsmore has filed three civil actions that have been dismissed as frivolous or for failure to state a claim. *See Dunsmore v. State*, CV-10-00031-H-DWM (D. Mont. Judgment of dismissal filed August 10, 2010); *Dunsmore v. State*, CV-10-37-H-DWM (D. Mont. Judgment of dismissal filed September 8, 2010); and *Dunsmore v. Kirkegard*, CV-14-00072-H- DLC (D. Mont. Judgment of dismissal filed May 1, 2015).[1]

Mr. Dunsmore has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Even when construed liberally in Mr. Dunsmore's favor, the allegations in the Complaint do not support a finding

---

[1] Although the time to appeal the decision in *Dunsmore v. Kirkegard*, CV-14-00072-H-DLC, had not run when Dunsmore filed the current action, the United States Supreme Court recently held that "a prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Toffefson*, ___ U.S. ___, 135 S.Ct. 1759 (2015). Civil Action No. 14-72-H-DLC was dismissed prior to the filing of the current case; therefore, it counts as a strike.

that he is in "imminent danger of serious physical injury."

Though the Court ordinarily gives litigants a period of time to pay the full filing fee of $350.00, Mr. Dunsmore should not be allowed to do so in this case. His allegations are frivolous; he seeks to challenge a conviction that has not been overturned or otherwise invalidated, as prohibited by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Mr. Dunsmore's motion to change venue and motion to recuse will be denied. Both motions suggest bias and prejudice by this Court. The substantive standard for recusal under 28 U.S.C. §§ 144 and 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Mr. Dunsmore seeks a change of venue and requests United States Chief District Judge Dana L. Christensen, United States District Judge Donald W. Molloy, and the undersigned recuse themselves from this matter based upon rulings in prior cases (Civil Action Nos. 09-41-M-DWM and 14-73-H-DLC). The mere fact that the undersigned and other judges in this District have ruled against Mr. Dunsmore in prior proceedings does not constitute a valid basis for bias. The Court has never displayed antagonism toward Mr. Dunsmore, and there is no basis on which to question the Court's impartiality in this matter.

Mr. Dunsmore is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Dunsmore's Motion for Change of Venue (Doc. 5) is **DENIED**.

2. Mr. Dunsmore's Motion to Recuse (Doc. 6) is **DENIED**.

3. At all times during the pendency of this action, Mr. Dunsmore must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATION**

Mr. Dunsmore's Motion to Proceed in Forma Pauperis (Doc. 1) should be **DENIED**. The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 8th day of June, 2015.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge