IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
SEP 0 9 2015
Clerk, U.S. District Court
District Of Montana
Missoula

MICHAEL P. DUNSMORE,

Plaintiff,

vs.

STATE OF MONTANA,

Defendant.

CV 15–40–H–DLC–JTJ

ORDER

United States Magistrate Judge John T. Johnston entered his findings and recommendations in this case on June 8, 2015, recommending that Plaintiff Michael Dunsmore's ("Dunsmore") motion to proceed in forma pauperis be denied and his case be closed. Dunsmore timely objected to the findings and recommendations, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). Dunsmore also filed a procedural motion after the deadline for filing objections, but the Court will construe the motion as a timely supplement to his earlier objections and consider it in the analysis. The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Clear error exists if the Court is left with a "definite and firm

-1-

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in full.

Judge Johnston found, and this Court agrees, that Dunsmore's claims are precluded by the "three-strikes" rule contained in the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The Court's electronic filing system reveals that Dunsmore has filed three civil actions that have been dismissed as frivolous or for failure to state a claim. *See Dunsmore v. State*, CV 10-31-H-DWM; *Dunsmore v. State*, CV 10-37-H-DWM; *Dunsmore v. Kirkegard*, CV 14-72-H-DLC. The Court also agrees with Judge Johnston that Dunsmore fails to allege facts sufficient to support a finding that he is in "imminent danger of serious physical injury," which would provide Dunsmore an exception to the rule. 28 U.S.C. § 1915(g). For these reasons, Judge Johnston recommended denying Dunsmore's in forma pauperis motion and dismissing his claims.

Dunsmore objects to Judge Johnston's finding that CV 10-31-H-DWM and CV 10-37-H-DWM constitute strikes within the meaning of § 1915(g). In essence, Dunsmore appears to contend that because these federal cases were dismissed as barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), and because the state conviction allegedly relied upon by the

Court to justify the *Heck* bar has since been dismissed, the cases themselves must be re-opened and cannot serve as strikes relative to the instant case. Clever though his argument might be, neither CV 10-31-H-DWM nor CV 10-37-H-DWM were exclusively dismissed as *Heck* barred. As to CV 10-31-H-DWM, in which Dunsmore alleged that the State of Montana moved him from one correctional facility to another in order to deprive him access to the courts, the Court dismissed his Complaint for failing to state a claim. As to CV 10-37-H-DWM, in which Dunsmore alleges breach of the state plea agreement whereby he pled guilty to charges of failing to register as a sex offender, the Court dismissed his Complaint primarily on grounds that, by naming immune defendants, he again failed to state a claim. While the Court mentions *Heck* as barring any claim directed specifically at the plea itself, to the extent Dunsmore pled such a claim, the reference is by no means the basis for the Court's dismissal overall. Thus, because the Court did not rely on *Heck* to dismiss CV 10-31-H-DWM and CV 10-37-H-DWM, Dunsmore cannot rely on *Heck* to erase the two strikes resulting from them. Dunsmore's objections do not render Judge Johnston's findings and recommendations erroneous.

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 7) are ADOPTED IN FULL. Dunsmore's motion to

proceed in forma pauperis (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that Dunsmore's motions to expedite (Docs. 10 and 11) are DENIED AS MOOT.

The Clerk of Court shall CLOSE this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 9th day of September, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court